# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

CIVIL ACTION NO.: 3:15-CV- 01599-MGL

| | |
|---|---|
| EUGENIA WALKER, Individually and as Next Friend of X. R., a Minor, ) ) ) ) PLAINTIFF, ) ) v. ) ) WAL-MART STORES, INC. and ) WAL-MART STORES EAST, LP, ) ) DEFENDANTS. ) ) | **COMPLAINT** **(Jury Trial Requested)** |

1. That the Plaintiff is a citizen and resident of Chester County, South Carolina, and is the mother and custodial parent of X.R., a minor.

2. That, upon information and belief, both Defendants are organized under and exist by virtue of the laws of the State of Delaware and have their principal place of business in Arkansas.

3. That, at all times relevant herein, the Defendants controlled, maintained, and operated the Wal-Mart Store ("store") located at 321 Killian Road in Columbia in Richland County, South Carolina.

4. That, at all time relevant herein, the Defendants were acting through their agents, servants, representatives and employees.

1

5.   That the amount in controversy exceeds Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest and costs; this Court has jurisdiction of this action by virtue of diversity of citizenship, 28 USC § 1332(a).

6.   That on or about December 8, 2012, the Plaintiff Eugenia Walker went to Defendants' store with the intent of purchasing goods therein.

7.   That X.R. and Plaintiff's other minor son and stepson accompanied Plaintiff to said store location.

8.   That the Defendant assembled exercise equipment and displayed same on its floor at the store, including exercise bikes.

9.   That Defendant did not prohibit children from using the displayed exercise equipment at the store, despite the exercise bike manufacturer's bold warnings in its user's manual: "Do not allow children on or around machine" and "Keep children under age 12 … away from the exercise bike at all times."

10.  That Defendants were aware of the inherent dangers presented by displaying exercise equipment on its floors as it has had similar customer claims made in the past and have entered into a Consent Decree with the United State Justice Department and paid a substantial penalty for failing to report twenty-nine incidents of customers being injured by coming into contact with exercise equipment displayed in their store locations.

11.  That despite Defendants' other store locations warning customers of the dangers of using exercise equipment displayed in their store locations and placing same on elevated platforms so that customers could not use the equipment, Defendants at this

store location did nothing to mitigate the risk of harm presented to customers by displaying said exercise equipment.

12. That X.R., at the time and place aforesaid, did get onto an exercise bike in the Defendants' display and began to turn the pedals with his feet and ultimately suffered a significant orthopedic injury to his left leg as reflected on the videotape of this incident that the Defendants are believed to possess.

13. That the Defendants were negligent, grossly negligent, reckless and wanton in the following particulars:

   a. In failing to take measures to prevent customers, and minors such as X.R., from using said equipment, including said exercise bike;

   b. In failing to adequately monitor said display;

   c. In failing to take measures to ensure that children in said store would not be injured by coming into contact with said exercise bike;

   d. In failing to warn of the dangers presented to customers, especially children, using the exercise bike in the display; and

   e. In all other particulars as the evidence may show at trial.

14. That as a proximate result of the aforesaid acts and omissions of the Defendants, X. R. has been injured and damaged; he has suffered an open and comminuted left tibia fracture and a displaced left fibula fracture requiring numerous medical treatments including surgical repair; he has suffered physical pain and mental anguish; he has suffered a loss of enjoyment of life; he has been permanently injured and disfigured; and has been otherwise injured and damaged all in an amount of actual and punitive damages to be determined at the trial of this case.

15. That as a proximate result of the aforesaid acts and omissions of the Defendants, Plaintiff has incurred medical expenses related to the medical care and treatment of the injuries sustained by X.R. arising from the subject incident.

WHEREFORE, your Plaintiff prays for judgment against the Defendants in an amount of actual and punitive damages to be determined at the trial of this case, together with the costs and disbursements of this action.

**MARK C. TANENBAUM, P.A.**

By: s/Stephen A. Butaitis
**STEPHEN A. BUTAITIS (Fed I.D. # 5895)**
steve@tanenbaumlaw.com
Post Office Box 20757
Charleston, S.C. 29413-0757
Telephone (843) 577-5100
Facsimile (843) 577-5996

APRIL D. PORTER, P.C.
April D. Porter (Fed I.D. #10011)
april@porterlawsc.com
176 Columbia Street
Chester, SC 29706
Telephone (803) 581-4293
Facsimile (803) 581-4297

**ATTORNEYS FOR PLAINTIFF**

April 13, 2015

4